*Anderson & Herndon, for appellants.*

*Denny & Tomlinson, for appellees.*

----

JOHN W. PALMER *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 6—370.]

**Self-defense in Homicide.**

A party to an altercation has a right to act upon appearances as they seem to him in defending himself but he must act reasonably and upon reasonable grounds. He must believe he is in danger and he must have reasonable grounds for so believing. He must judge reasonably and the jury have a right to determine whether he has done so.

APPEAL FROM OWEN CIRCUIT COURT.

November 13, 1884.

OPINION BY JUDGE HOLT:

The appellant, John W. Palmer, by this appeal seeks to reverse a conviction of voluntary manslaughter for the killing by him of B. F. Crutchlaw.

His counsel rely upon two grounds only; and upon a careful inspection of the record we find that they alone need to be considered.

There were but two eye-witnesses to the killing. They testified both before the grand jury and upon the final trial.

Upon the motion for a new trial the affidavits of several of the grand jurymen were presented, tending to show that the testimony of said witnesses before the grand jury was somewhat different from what it was upon the final trial.

In our opinion the difference was not material; but even if it were, and admitting for argument sake that a new trial should have been granted, yet this court, as has been repeatedly decided will not reverse for an error of the lower court in this respect because it is not subject to exception. Criminal Code, section 281. *Redmon v. Commonwealth,* 82 Kentucky 333.

The instructions given to the jury seem to have been more favorable to the appellant than he had a right to demand.

Those rejected by the court were embraced in those given, so far as they properly presented the law of the case. In fact they were substantially given and counsel for the appellant do not claim that the jury were improperly instructed save in one respect.

It is urged that it was erroneously left to the jury to decide, looking at it from their standpoint, whether the appellant had reasonable grounds for believing at the time of the killing that he was in danger at the hands of the deceased, and that they should have been instructed that they must view it from the defendant's situation at the time of the difficulty and find whether grounds reasonable to him for his then action existed or which were reasonably calculated to produce in his mind, situated as he then was, a belief that he was in such danger that the law would excuse a homicide by him.

A party thus situated has a right to act upon appearances as they seem to him, but he must act reasonably and upon reasonable grounds. He must not only believe he is in danger, but he must have reasonable grounds for so believing; and as to the latter, while he is necessarily the judge of them, yet he judges at his peril and must

judge reasonably, and the jury have a right to determine whether he has done so.

In this case both the instruction as to murder and that as to manslaughter use the words "apparently necessary self defense;" and they are found elsewhere in the instructions that were given.

But the third instruction given at the instance of the defendant certainly told the jury that he had the right to act on appearances as they seemed to him. It reads as follows, to wit:

"The court instructs the jury that although they may believe from the evidence beyond a reasonable doubt that the accused shot and killed deceased yet if they shall further believe from the evidence that at the time of such shooting the accused believed and had reasonable grounds to believe that he was then and there in impending danger or apparently in impending danger of loss of life or great bodily harm at the hands of the deceased, then the accused had the right to use any and all means at his command that were necessary or apparently necessary to prevent such loss of life or great bodily harm; and if they shall believe from the evidence that the accused used no other or greater means than were necessary or apparently necessary to attain that end they should acquit him."

The jury were the proper judges of the guilt or innocence of the accused; and if guilty, of the proper measure of punishment; and no error of law as against the appellant appearing from the record, the judgment below is *affirmed*.

*Warren Montfort, for appellant.*
*'P. W. Hardin, for appellee.*